

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 16-41-BLG-SPW-01 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| PEDRO CARRASCO, JR, | |
| Defendant. | |

## Introduction

On February 27, 2017, Carrasco personally filed a motion to recuse me, presumably pursuant to 28 U.S.C. § 455, *et seq*. (Doc. 111). Carrasco asserts I showed "personal bias, partiallity (sic) and ensuing prejudice" when I denied his Motion for Disclosure of Information Related to Confidential Source, Motion to Suppress, and Motion for Leave to file Motion to Reconsider. (*See gen.* Doc. 111).

## Discussion

"[T]he challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). This rule is consistent with both the requirement for a "sufficient"

1

affidavit, 28 U.S.C. § 144 para. 1, and with the requirement for sua sponte consideration of recusal, *id.,* § 455(a).

Pursuant to 28 U.S.C. § 144, a motion for recusal must be accompanied by an affidavit of bias. *Davis v. Fendler*, 650 F.2d 1154 (9th Cir. 1981). This affidavit must be accompanied by a certificate of counsel of record stating that it was made in good faith. 28 U.S.C. § 144; *Morrison v. U.S.*, 432 F.2d 1227 (5th Cir. 1970). Defense counsel's failure to certify that defendant's affidavit in support of motion for recusal is in good faith warrants denial of the motion. *U.S. v. Miller*, 355 F. Supp. 2d 404, 405-06 (D.D.C. 2005).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). The prejudice alleged "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Id.* To that end, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A motion for recusal based entirely on

prior adverse rulings is insufficient and will be denied. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Carrasco's motion will be denied for three reasons. First, at the proceeding before this Court on February 15, 2017, Carrasco elected to proceed with counsel. As a result, the Court will not consider motions filed by Carrasco personally. *See United States v. Klee*, 494 F.2d 394, 396-97 (9th Cir. 1974) (a criminal defendant does not have an absolute right to both self-representation and the assistance of counsel); *see also United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (whether to allow hybrid representation remains within the sound discretion of the trial judge).

Second, even if this Court were to consider his motion, it fails procedurally under 28 U.S.C. § 144 and substantively under 28 U.S.C. § 455(a). Carrasco failed to provide a certfiicate of counsel as required under 28 U.S.C. § 144. Such failure warrants denial of his motion. *Miller*, 355 F. Supp. 2d at 405-06.

Third, Carrasco failed to allege in his motion any facts from which he concludes a reasonable person might question my impartiality. More importantly, he bases his motion on my decision to deny his discovery, suppression, and reconsideration motions. My decisions, by definition, are not "extrajudicial," and thus provide no basis for recusal. *Studley*, 783 F.2d at 939.

## Conclusion

Carrasco has failed to assert any basis upon which to question my impartiality in this matter.

Therefore, IT IS HEREBY ORDERED that Carrasco's request for recusal (Doc. 111) is DENIED.

Dated this 28th day of February 2017.

Susan P. Watters
U.S. District Judge