IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

SEP 13 2017

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-41-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| PEDRO CARRASCO, JR., | |
| Defendant. | |

Defendant Pedro Carrasco, Jr., has moved this Court to release to him

discovery materials marked "sensitive" under D. Mont. L. R. 16.4(a).  (Doc. 155).

The United States opposes the motion.  (*Id.*)  For the reasons set forth below,

Carrasco's motion is DENIED.

## I.    Background

On April 21, 2016, Carrasco was indicted for Conspiracy to Distribute

Methamphetamine and Possess with the Intent to Distribute Methamphetamine,

Possession of Methamphetamine with Intent to Distribute, Felon in Possession of a

Firearm, Possession of a Firearm During a Drug Trafficking Offense, and

Conspiracy to Commit Money Laundering.  (Doc. 1).  April 29, 2016, was the

discovery deadline.  (Doc. 9).  Because the United States did not provide complete

discovery until May 17, 2016, this Court granted Carrasco's first motion to

continue trial and associated pretrial deadlines. (*See* Doc. 17). Subsequently, at least three out of five of Carrasco's subsequent motions to continue trial were to allow him and his counsel more time to review discovery. (*See* Docs. 28, 112, 120).

As required under District of Montana Local Criminal Rule 16.4(a), the United States marked the affidavit in support of the search warrant in this case and the Confidential Source's statement as 'sensitive material.' (Doc. 155 at 1). Despite having sixteen months to review the discovery materials on his case, Carrasco now moves this Court to allow him to have a personal copy of the search warrant affidavit and Confidential Source's statement. Carrasco's basis for the motion is so that he can "conduct his own analysis" of the materials "without time constraints." (Doc. 155 at 2).

## II. Discussion

Local Rule CR 16.4(a) is designed to permit a party producing discovery in a criminal action-primarily the United States-to prevent documents from being copied and distributed to persons other than defense counsel and the defendant. The rule requires the party designating the information as sensitive to "set[ ] forth the reasons why such protections are warranted." L.R. C.R. 16.4(a). According to the rule, in relevant part, once the "sensitive material' designation has been made, "access to [the] documents *shall* be limited to" the defendant and his attorney, and

the documents *shall not* be left in the defendant's possession without defense counsel present.  L.R. C.R. 16.4(b)(1)(A), (D) (emphasis added).

Carrasco essentially argues that the Court should remove the 'sensitive materials' designation from the aforementioned documents so he can keep them in his possession to review.  (Doc. 155 at 2).  As a threshold issue, according to the plain letter of the local rule, the restrictions on the documents are mandatory once the 'sensitive materials' designation has been made.  Nothing in the rule provides the court with the discretion to remove the 'sensitive materials' designation, nor has Carrasco pointed to any authority allowing removal.  Just as importantly, Carrasco's request strains this Court's patience.  He completely fails to provide an explanation as to why he has been unable to "conduct his own analysis" of these documents in the past 16 months.  The Court cannot fathom one.

Carrasco's motion (Doc. 155) is DENIED.

DATED this ⟨12⟩th day of September, 2017.

Susan P. Watters

SUSAN P. WATTERS
U.S. DISTRICT JUDGE